IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL H. MELCHIOR,<br>　　　　　Defendant. | **4:16CR3033-RGK-CRZ**<br><br>**MEMORANDUM AND ORDER** |

The defendant has moved for reconsideration of this court's order of detention. ([Filing No. 43](#)).[1] No new evidence has been offered in support of Defendant's motion.

The defendant is charged with a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concluded the defendant must be detained pending trial.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison.

Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds that the underlying offense occurred as the defendant was travelling between the Los Angeles area and Chicago. Defendant Melchior's sons

---

[1] The motion asks for "further review" of my order. ([Filing No. 43](#)). The accompanying brief is offered "in support of his Motion for Reconsideration." ([Filing No. 44](#)). The undersigned magistrate judge interprets these filings as a Motion for Reconsideration.

live in Los Angeles and Chicago. When Melchior's vehicle was stopped in Nebraska, currency totaling more than $2.4 million dollars was located in the vehicle, along with evidence of drug-trafficking (ledgers, multiple cell phones, etc.), and heat-sealed packages of marijuana. While seated in the patrol vehicle during the traffic stop, the defendant made statements clearly acknowledging that he knew the money was in the vehicle. He contacted his son in Los Angeles, stated he had "bad news," and repeatedly stated he was "Sorry." ([Filing No. 1](#)).

The following day, Melchior's home in Chicago was searched. The officers seized approximately $600,000, 10 pounds of marijuana, a vacuum sealer, heat-sealer bags, rubber bands, rubber gloves, 11 Rolex watches, and two vehicles. ([Filing No. 1](#)).

At the first detention hearing, Melchior's ex-wife and the mother of his sons drove from Chicago to appear. She had previously told Pretrial Services that she "was not willing to take full responsibility for the defendant, only provide him with a safe place to live." ([Filing No. 7, at CM/ECF p. 2](#)). But by the time she appeared at the detention hearing, she was willing to be the Defendant's third-party custodian. When asked why she was willing to do that for an ex-spouse with whom she has maintained very little contact, she explained her sons had called her crying and begging her to help get their father out of jail. The court concluded she was highly susceptible to the pleading of her sons and ex-husband and could not be a relied on to inform the court if the defendant violated conditions of release.

Neither son was proposed as a third party custodian: The son in California (who Melchior called during the stop) is, himself, under investigation for drug trafficking, and the son in Illinois apparently lives in a small apartment which also serves as his place of employment.

For the hearing on defendant's later-filed motion for release, Defendant's proposed third party custodian was Tom Logan, who lives in Chicago, Illinois, is self-employed, and has highly variable work hours. His ability to truly monitor the defendant is suspect, and he reported to pretrial services that he was not "crazy" about the defendant living there for the duration of the court hearings. ([Filing No. 22](#)). Logan stated he has known the defendant for 15 years; co-defendant Brennan has known the defendant for 15

years. Melchior was charged and convicted of Manufacturing and Delivering a Schedule II controlled substance in Des Plaines, Illinois 15 years ago. At the time of his arrest, Melchior had no source of income, but his son in California is willing to support Melchior if Melchior is released. ([Filing No. 7, at CM/ECF p. 2](#)).

While the court acknowledges that Defendant's criminal history is not extensive, the weight of evidence for the currently charged crime is. Based on that evidence, Melchior was engaged in large scale drug trafficking. Such criminal activity poses a substantial risk of harm to the public.

Defendant lacks a job or a stable residence, and he has no contacts with Nebraska. When considered in the totality, that information, along with Defendant's statements to his son in California during the traffic stop, his apparent mobility between California and Illinois even absent any known source of income, and his sons' significant efforts, through their mother, to secure their father's release after his arrest, provide significant evidence that defendant's release will facilitate defendant's flight to avoid his own prosecution (and potentially the prosecution of his son) and obstruction of justice.

The defendant has not rebutted the presumption of detention. Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Accordingly,

IT IS ORDERED that Defendant's motion to reconsider, ([Filing No. 43](#)), is denied.

March 30, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge