IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CR3033 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| MICHAEL H. MELCHIOR and | ) | **AND ORDER** |
| PEGGY A. BRENNAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Magistrate Judge Zwart has issued a Findings and Recommendation (Filing 107) that Defendants' motions to suppress (Filings 57 & 74) be denied. Defendants have filed objections (Filings 109 & 111) to the Findings and Recommendation. After de novo review, and because Magistrate Judge Zwart has thoroughly and correctly analyzed the facts and the law, I shall adopt the judge's Findings and Recommendation. However, I shall address a few matters for purposes of clarity.

### Traffic Stop

The crux of the defendants' objections to Magistrate Judge Zwart's Findings and Recommendation involves Officer Mayo's stop of the defendants' vehicle based on his observation—confirmed by repeated stopwatch testing—that the defendants' RV was following other vehicles too closely in violation of Neb. Rev. Stat. § 60-6,140(1) (Westlaw 2016) ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, and such driver shall have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway.").

"Any traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994) (en banc).

Further, a traffic stop based on a vehicle following too closely is a valid traffic stop. *United States v. Beck*, 140 F.3d 1129, 1134 (8th Cir. 1998) (Ark.); *United States v. Lyton*, 161 F.3d 1168, 1170 (8th Cir. 1998) (Neb.); *United States v. Poulack*, 82 F. Supp. 2d 1024, 1029-30 (D. Neb. 1998) (following another vehicle by less than two seconds provided valid basis for trooper to stop vehicle for violation of Neb. Rev. Stat. § 60-6,140); *United States v. Romero*, No. 8:09CR104, 2010 WL 378246, at *2 (D. Neb. Feb. 1, 2010); *State v. McGinnis*, 608 N.W.2d 605, 609 (Neb. App. 2000) (officer's observation that defendant was getting "right up real close to the bumper of the vehicles ahead of him following way too close—well, less than the two-second rule . . . . and went on around [the pack]" constituted probable cause to stop driver).

Therefore, Defendants' objections based on the stop of the defendants' vehicle must be denied.[1]

### *Daubert* Issue

The defendants also object to the testimony of Deputy Henkel that his drug dog alerted and indicated while sniffing the perimeter of the defendants' vehicle during the traffic stop—an issue that was part of their motion to suppress, as well as a motion in limine (Filing 55). At the hearing on which Judge Zwart's Findings and Recommendation is based, testimony and other evidence were elicited relevant to both the defendants' motions to suppress and their rather all-encompassing motion in limine, which requested a hearing "to determine . . . the qualifications of a Deputy

---

[1]The fact that the actual traffic infractions were not captured on video does not affect my conclusion. Like Judge Zwart, I find Officer Mayo's testimony regarding the basis for the traffic stop credible given his knowledge and experience in making traffic stops, and I find that Mayo's observations constituted an objectively reasonable basis upon which he could have believed that a traffic infraction had occurred. *See United States v. Maldonado*, No. CR15-4091, 2016 WL 3004653, at *5 (N.D. Iowa May 24, 2016) (lack of video evidence showing traffic violation "does not establish that any officers testified falsely").

Henkel [the dog handler] as a witness and/or the admissibility of testimony to be offered by Deputy Henkel regarding the drug dog . . . .  This hearing is also based upon the United States Supreme Court decision in *Daubert v. Merrell Dow Pharmaceutical*, [5]09 U.S. 579 (1993)."  (Filing 55.)

Judge Zwart did not make an explicit recommendation on the defendants' motion in limine—perhaps because Deputy Henkel was not characterized as a Fed. R. Evid. 702 "expert" to which *Daubert* applies or because it is far from clear that a *Daubert* challenge is appropriate in these circumstances.[2]  Nevertheless, to the extent

[2]*See Florida v. Harris*, 133 S. Ct. 1050, 1057-58 (2013) (rejecting any requirement for a detailed checklist of proof of reliability or special procedures for dog sniffs in probable cause hearings; "evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert. If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. . . . A defendant, however, must have an opportunity to challenge such evidence of a dog's reliability . . . ."); *United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) (district court did not err in admitting government's dog-sniff expert testimony without holding *Daubert* hearing when voir dire of expert prior to testimony explored expert's and dog's training and experience and when defendant had opportunity to cross-examine expert to contest the adequacy of the canine certification or training program and to question the circumstances surrounding the dog's alert; district court satisfied its "gatekeeping function"); *United States v. Herrera-Osornio*, 521 F. App'x 582, 586 (9th Cir. 2013) (unpublished) ("dog sniffs do not necessarily trigger . . . the district court to conduct a reliability inquiry under *Daubert*"; finding dog-sniff evidence reliable based on defendant's "ample opportunity to subject the dog's handler to voir dire and cross-examination"); *United States v. Almeida*, No. 2:11-CR-127, 2012 WL 75751, at *11 (D. Me. Jan. 9, 2012), *report and recommendation adopted*, No. 2:11-CR-127, 2012 WL 948457 (D. Me. Mar. 20, 2012), *aff'd*, 748 F.3d 41 (1st Cir. 2014) (defendant failed to present authority for idea that government must present *Daubert*-type evidence to establish scientific reliability of drug-sniffing training; "courts generally have rejected the proposition that a *Daubert*-type scrutiny is appropriate in these circumstances and/or have held that evidence of a drug detection dog's training and certification establishes its reliability" (citing cases)); *United States v. Adler*, No. 8:08CR354, 2008 WL

3

that such a motion was appropriate, Judge Zwart clearly took testimony and evidence related to the motion and discussed the reliability of the drug-sniffing dog and its handler in the Findings and Recommendation. (Filing 89 at CM/ECF pp. 3-5 (the defendants argue that the drug dog did not alert and that the drug dog alert should not be relied upon by the court); Filing 107 at CM/ECF pp. 14-18 (discussing reliability of drug dog and handler and the pair's training, certification, and testing scores).) For the reasons expressed in Judge Zwart's thorough Findings and Recommendation, I find that Deputy Henkel's testimony concerning the dog sniff is relevant, reliable, and admissible, and the defendants' motion in limine shall be denied.

IT IS ORDERED:

1.    The Findings and Recommendation (Filing 107) is adopted;

2.    Defendants' objections (Filings 109 & 111) to Judge Zwart's Findings and Recommendation are denied; and

3.    Defendants' motion in limine (Filing 55) and motions to suppress (Filings 57 & 74) are denied.

DATED this 7th day of February, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

---

4816555, at *1 (D. Neb. Nov. 3, 2008) (Gossett, M.J.) (denying defendant's request for *Daubert* hearing challenging use of dog-sniff evidence because "the use of drug detection dogs has been established as scientifically reliable," and reliability of drug-detection dog would be "deemed merged into the defendant's Motion to Suppress").